UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CRIMINAL ACTION NO. 20-27-DLB

UNITED STATES OF AMERICA                                                                 PLAINTIFF

v.                                    **MEMORANDUM ORDER**

DANIEL J. KEY, II                                                                              DEFENDANT

\* \*    \* \*    \* \*    \* \*    \* \*    \* \*    \* \*    \* \*

This matter is before the Court on *pro se* Defendant Daniel J. Key, II's Motion for Compassionate Release (Doc. # 77). The United States filed a Response (Doc. # 79). Defendant did not file a reply, and the time to do so has now passed. Accordingly, the Motion is ripe for review. For the following reasons, Defendant's Motion is **denied**.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

In October 2020, Defendant pled guilty to the distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1). (Docs. # 6 and 23). He was sentenced to a term of imprisonment of 188 months to be followed by a 6-year term of supervised release. (Doc. # 37). Defendant is 43 years old and is currently housed at FCI Thomson in Illinois. His anticipated release date is November 19, 2032. *See Inmate Locator, Federal Bureau of Prisons*, https://www.bop.gov/inmateloc (last visited Aug. 4, 2025). Defendant previously moved this Court for compassionate release or a reduction in sentence, but the motion was denied. (*See* Docs. # 74 and 76).

1

Defendant seeks either a reduction in his sentence or compassionate release pursuant to 18 U.S.C. § 3582(c). (Doc. # 77 at 3). He cites his declining health, certain familial issues, the length of his sentence, and rehabilitation as the basis for the Motion. (*See id*.).

## II.   STANDARD OF REVIEW

A criminal defendant is permitted to file a motion for compassionate release only after "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). If exhaustion is demonstrated, the Court may proceed to consider the merits of the motion.

Typically, "[a] court may grant compassionate release when it finds three requirements are satisfied." *United States v. McCall*, 20 F.4th 1108, 1111 (6th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107-08 (6th Cir. 2020)). First, the court must "find that extraordinary and compelling reasons warrant a sentence reduction." *Id*. (internal quotation marks and bracketing omitted). "Second, the court must find that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* (internal quotation marks and bracketing omitted). Third, the court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case." *Id.* (internal quotation marks and bracketing omitted).

Regarding step two, "the Sixth Circuit previously held that § 1B1.13 [of the United States Sentencing Guidelines ("U.S.S.G.") was] inapplicable to compassionate-release motions filed by the prisoner (as opposed to motions filed by the Director of the Bureau of Prisons)." *United States v. Partin*, Criminal Action No. 6:17-CR-070-CHB-4, 2024 WL 420110, at *2 (E.D. Ky. Feb. 5, 2024) (citing *Jones*, 980 F.3d at 1109-11). Thus, in cases involving defendant-filed motions like this one, district courts were once permitted to "skip step two of the § 3582(c)(1)(A) inquiry and [had] full discretion to define 'extraordinary and compelling' without consulting the policy statement in § 1B1.13." *Id.* However, the Sentencing Commission recently amended the policy statement at § 1B1.13 to clarify that it "applies to defendant-filed motions." *Id.*; *accord United States v. Clark*, 5:21-cr-84-1, 2023 WL 8374528, at *2 (N.D. Ohio Dec. 4, 2023). This amendment went into effect on November 1, 2023. *See Partin*, 2024 WL 420110, at *2.

"[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). The defendant bears the burden to show he has exhausted his administrative remedies and is entitled to compassionate release. *United States v. McDonald,* No. 94-cr-20256-1, 2020 WL 3166741, *3 (W.D. Tenn. June 8, 2020).

### III.   ANALYSIS

#### A.   Exhaustion of Administrative Remedies

The United States concedes that Defendant has exhausted his administrative remedies. (Doc. # 79 at 1). Thus, the Court will proceed to the merits of Defendant's motion.

3

### B. Extraordinary and Compelling Reasons

A district court may only reduce a defendant's sentence if (i) the defendant is at least 70 years old and has served at least 30 years in prison or (ii) "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Because Defendant does not qualify under the former criteria, he must show an extraordinary and compelling reason for compassionate release. Defendant proffers what the Court construes as four reasons for a reduced sentence. The Court will address them in turn.

#### 1. *Defendant's Health*

Defendant first claims that his "declineing [sic] health" constitutes an extraordinary and compelling reason for compassionate release. (Doc. # 77 at 1). In support, Defendant notes that he has diabetes, high blood pressure, and experienced a carbon monoxide leak at another Bureau of Prisons ("BOP") Facility. (*Id.*).

"Section 3582(c)(1)(A) does not define 'extraordinary and compelling reasons.'" *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). However, as discussed above, the amended policy statement at § 1B1.13 of the U.S.S.G. now applies to defendant-filed motions. In pertinent part, the policy statement provides that extraordinary and compelling reasons exist if:

(D) The defendant presents the following circumstances—

> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

> (ii) due to personal health risk factors and custodial status, the defendant is at an increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

4

>> (iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(b)(1)(D).

Defendant alleges that due to his "uncontrolled diabetes" and "uncontrolled high blood pressure" he should be granted compassionate release. (Doc. # 77 at 1). Specifically, Defendant contends that his serious health conditions are "not being accurately treated by the F.B.O.P." and that the medication he currently receives has been unsuccessful. (*Id.*). Defendant states that as a result, he should be granted compassionate release to find a "knowledgeable care provider outside the F.B.O.P." (*Id.*). Yet, Defendant has not established that his medical issues cannot be managed by the BOP. In fact, the medical records submitted by the Defendant not only show that the medical officials within the BOP have handled his medical needs but also fail to show any basis for a conclusion that the BOP is not still capable of doing so. *See United States v. Goode*, No. 14-cr-810-07, 2020 WL 58272, at *5 (S.D.N.Y. Jan. 6, 2020) ("As long as the Bureau of Prisons is capable of caring for [an inmate's] medical needs, [an inmate] should serve out the balance of [his] sentence."). Moreover, regarding Defendant's argument that the medication the BOP is providing him has been unsuccessful, the medical records submitted by the Defendant repeatedly reflect that Defendant has a "long history of medication noncompliance" despite being "educated at length about the importance of medication compliance." (Doc. # 77-1 at 33); (*see id*. at 40) (indicating that Defendant was informed that if he "took the prescribed medication, his chronic conditions would likely be under control."); *id*. at 38 (documenting that Defendant was moved to pill line due to his medication noncompliance); *id*. at 44 (Defendant "[c]ontinues to be non-compliant on

5

pill line since medication counseling on 4/3/25.").

Finally, Defendant argues that his carbon monoxide exposure at FCI McDowell serves as a basis for compassionate release. However, Defendant has not submitted any evidence that the exposure to carbon monoxide has caused his health to deteriorate so significantly that he is entitled to compassionate release. In fact, Defendant's 42-page medical record is completely devoid of any documentation of carbon monoxide exposure at all. (*See* Doc. # 77-1); *see also United States v. Jones*, No. 5:14-126-KKC-1, 2021 U.S. 5782750, at *2 (E.D. Ky. Dec. 7, 2021) (noting that the defendant's medical records indicated that his exposure to carbon monoxide caused a temporary headache and nausea but required no additional treatment and was therefore not grounds for compassionate release). As such, Defendant has not met his burden of showing that he has received—or will receive, if he requests it—inadequate medical care at Thomson FCI. Therefore, Defendant's first proffered extraordinary and compelling reason is rejected.

### 2. *Familial Issues*

Defendant next claims that certain familial issues constitute an extraordinary and compelling reason for compassionate release. (*See* Doc. # 77 at 2). In support, Defendant submits his grandmother, who has been diagnosed with Multiple Sclerosis, has been moved to a nursing home because no one else is available to assist her. (*Id.*). Defendant further submits that he wishes to be present for his daughter and his niece. (*Id.*).

Familial hardship can constitute grounds for compassionate release in four circumstances: (1) "[t]he death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care .

. . [;]" (2) "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner[;]" (3) "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent[;]" or (4) similar circumstances involving a family member or other individual with a close relationship to the defendant "when the defendant would be the only available caregiver for such family member or individual." U.S.S.G. § 1B1.13(b)(3).

The Court is certainly sympathetic to Defendant's family's situation. However, the circumstances he cites are not "extraordinary" under the law. Defendant's argument regarding his desire to be present for his daughter and niece does not fit within any of the above categories. And although Defendant's argument regarding his grandmother who suffers from Multiple Sclerosis might arguably fit within category four, respectively, he never claims that he is the only available caregiver for his grandmother. In fact, he states that his grandmother is currently being cared for in a nursing home, and Defendant makes no attempt to explain why the care provided by the nursing home is so inadequate that it would entitle him to compassionate release. (*See* Doc. # 77). As stated above, it is Defendant's burden to show that he is entitled to compassionate release. *See McDonald*, 2020 WL 3166741, at *3. Defendant's second proffered extraordinary and compelling reason is therefore rejected.

### 3. Length of Sentence

Defendant additionally cites the length of his sentence as an extraordinary and compelling reason. He states that because he was deemed a career offender he was "enhanced to a sentence of 188 months on a charge that originally carrys [sic] 18 to 24

months max." (Doc. # 77 at 2). He alleges that his sentence is "harsh" and substantially greater than it should be had he not received the career offender enhancement. (*Id*.). Defendant urges this Court to deem his sentence extraordinary and compelling but does not cite to any specific change in the law as grounds for this argument.

While not explicitly stated by Defendant, to the extent he attempts to rely on § 1B1.13(b)(6), his reliance would be misplaced. U.S.S.G. § 1B1.13(b)(6) provides that a change in the law may present an extraordinary and compelling reason if the defendant received an unusually long sentence and has served ten (10) years of that sentence. In *United States v. Bricker*, the Sixth Circuit held that the Sentencing Commission "overstepped its authority" by issuing § (b)(6) and that the policy statement was therefore "invalid." --- F.4th ---, 2025 WL 1166016, at *1 (6th Cir. April 22, 2025). Thus, Defendant may no longer rely on § (b)(6) in requesting early release. Moreover, to any extent Defendant may argue that he should not have been classified as a career offender, the Court is not aware of, and Defendant has not raised, any change in the law that would affect his designation as a career offender. In fact, this Court, in its denial of Defendant's first motion for compassionate release (Doc. # 74), reiterated that Defendant is in fact a career offender. (Doc. # 76). Therefore, Defendant's third proffered extraordinary and compelling reason is rejected.

### 4. Rehabilitation

Finally, Defendant cites his rehabilitative efforts while in prison. (Doc. # 77 at 2-3). For example, Defendant notes that he has "already done 59 long months off [his] sentence so far with perfect conduct without any incident reports[,]" that he completed several programs, and that he has had the necessary time to "reflect and absorb[] the

importance of not breaking the law[.]" (*Id*. at 2). While this Court commends Defendant's efforts to rehabilitate, Section 1B1.13 is clear that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason" justifying compassionate release. U.S.S.G. § 1B1.13(d); *see also United States v. Hatcher*, No. 01-80361, 2021 WL 1056841, at *3 (E.D. Mich. Mar. 19, 2021) ("[T]he court . . . is precluded from granting compassionate release based upon rehabilitation alone."). And for the reasons already stated herein, Defendant has not proffered any other sufficient basis for his requested relief. Thus, Defendant's fourth proffered extraordinary and compelling reason is rejected.

Based on the above, the Court concludes that Defendant has failed to show an extraordinary and compelling reason for compassionate release. His Motion is therefore **denied**.

### C. Section 3553(a) Factors

Defendant's Motion is separately **denied** under the Court's analysis of the § 3553(a) factors. In accordance with 18 U.S.C. § 3553(a), the Court must analyze "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as what the Sixth Circuit has summarized as "the need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law." *United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020).

Defendant is serving a 188-month sentence for the distribution of cocaine. (Doc. # 37). Moreover, Defendant has a substantial criminal history which includes convictions for trafficking in controlled substances and possession of a firearm in furtherance of a drug trafficking crime. To date, Defendant has not even served half of his original

9

sentence. In the Court's view, to release Defendant now would create, not avoid, an unwarranted sentencing disparity, would diminish the seriousness of his crime, and would not deter criminal activity or protect the public. Consideration of the section 3553(a) factors weighs heavily against releasing Defendant prior to the expiration of his term of imprisonment.

## IV. CONCLUSION

Compassionate release is an extraordinary remedy. *See United States v. Flenory*, 841 F. App'x 971, 972 (6th Cir. 2021). Such remedy is unavailable here, as Defendant has not demonstrated extraordinary and compelling reasons for his release and that consideration of the sentencing factors in 18 U.S.C. § 3553(a), individually and collectively, do not support his early release. Accordingly,

**IT IS ORDERED** that Defendant Daniel J. Key, II's *pro se* Motion for Compassionate Release (Doc. # 77) is **DENIED**.

This 4th day of August, 2025.



Signed By:
David L. Bunning
Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\Compassionate Release\Key 2-20-27 Order denying DE 77.docx